FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 6 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DIVISION OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Brian Keith Gary Jr. | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CASE No. **22-CV-1814** |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| | ) |
| Defendant. | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.    INTRODUCTION

1. This is a civil action brought by Brian Keith Gary Jr.(hereinafter "Plaintiff"),
   a natural person and an individual consumer, seeking actual damages,
   statutory damages, punitive damages, and cost of action against Defendant,
   BANK OF AMERICA CORPORATION(hereinafter "Defendant") a/k/a
   BANK OF AMERICA, N.A. for violations of the Fair Credit Reporting Act,
   15 USC 1681 *et seq.*(hereinafter "FCRA"), which protects consumers
   against inaccurate and unfair credit reporting and the Truth in Lending Act,
   15 USC 1601 *et seq.*(hereinafter "TILA"), which informs consumers about

the cost of credit and protects consumers against abuse and deceit by

creditors.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 USC 1640(e).

3. Jurisdiction of this court also arises under 28 USC 1331.

4. Venue in this District is proper in that the Defendant transacted business in

   Duluth, Gwinnett County, Georgia, and the conduct complained of occurred

   in Duluth, Gwinnett County, Georgia.

## III.   PARTIES

5. Plaintiff is a natural person with a place of abode located in Atlanta, Fulton

   County, Georgia.

6. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15

   USC 1681a(c), the Truth in Lending(Regulation Z), 12 CFR 1026.2(a)(11),

   and the Preservation of Consumers' Claims and Defenses, 16 CFR 433.1(b)

   and a "person" as defined by the Fair Credit Reporting Act, 15 USC

   1681a(b), the Truth in Lending Act, 15 USC 1602(e), and the Preservation

   of Consumers' Claims and Defenses, 16 CFR 433.1(a). Per the consumer

   credit contract, Plaintiff is a "debtor".

7. Upon information and belief, Defendant, BANK OF AMERICA

   CORPORATION, is a Delaware corporation with its principal place of

business located at 100 North Tryon St., Charlotte, NC 28255 and its registered agent, C T CORPORATION SYSTEM, located at 289 S. Culver St., Lawrenceville, GA 30046.

8. Per rebuttal of complaints, Defendant is a "creditor" as defined by the Truth in Lending Act, 15 USC 1602(g), Truth in Lending(Regulation Z), 12 CFR 1026.13(a)(17), and the Preservation of Consumers' Claims and Defenses, 16 CFR 433.1(c). Per the consumer credit contract, Defendant is a "holder" as defined by the Universal Commercial Code, UCC 3-302 and a "person" as defined by the Fair Credit Reporting Act, 15 USC 1681a(b), the Truth in Lending Act, 15 USC 1602(e), and the Preservation of Consumers' Claims and Defenses, 16 CFR 433.1(a). Defendant is an "organization" as defined by the Truth in Lending Act, 15 USC 1602(d).

9. Defendant transacted business in the city of Duluth, Gwinnett County, Georgia and the city of Atlanta, Fulton County, Georgia and the conduct complained of occurred in Duluth, Georgia and Atlanta, Georgia.

10. Plaintiff agreed to the Defendant's terms and conditions of the consumer credit contract including the arbitration clause. Therefore the Plaintiff agreed to resolve any dispute with the Defendant via binding arbitration conducted by AMERICAN ARBITRATION ASSOCIATION(hereinafter "AAA") under AAA rules.

## IV.   FACTS OF COMPLAINT

11. This contract is a consumer credit contract pursuant to the 16 CFR 433.2 disclosure, the evidence of the 12 CFR 1026.18 H-1 Credit Sale Model Forms, and the evidence of a finance charge. In addition, the contract is subject to TILA per the TILA tabular disclosures, and contract citing "consumer credit contract".

12. The date of consummation was on January 21, 2021. Plaintiff went to purchase the 2016 Tesla Model X, VIN#: 5YJXCDE24GF026524 on credit from RICK CASE CARS, INC.'s(hereinafter "Rick Case") location of 3180 Satellite Blvd., Duluth, GA 30096.

13. The 2016 Tesla Model X was purchased on credit to be primarily used for personal, family and household purposes.

14. The transaction involved Rick Case employees: Andrew Johnson("Andrew"), salesperson, and Claud Brackett("Claud"), finance manager.

15. Plaintiff filled out a credit application in which the Plaintiff provided Andrew with the Plaintiff's driver's license, personal information and Plaintiff's credit card as defined by the FCRA, 15 USC 1602(l).

16. After submitting the credit application with Claud, Andrew came back and gave a list of banks that Rick Case does business with and Defendant was one of those banks.

17. Also, Andrew informed that a down payment would be required in addition to the Plaintiff's trade-in and asked around how much would the Plaintiff be looking to pay monthly. Plaintiff expressed whatever is required and Plaintiff would make a determination on if the deal could work financially.

18. Andrew submitted all the paperwork required for Claud to process.

19. Plaintiff and the Plaintiff's spouse waited around for a decision and was told that the Defendant would allegedly finance the purchase.

20. Plaintiff was called back into Claud's office to finish the process and sign some documents before getting the keys to the 2016 Tesla Model X.

21. Claud gave the contract title, "Retail Installment Sales Contract-Simple Finance Charge(With Arbitration Provision)" to the Plaintiff to review. Claud expressed that he negotiated the best offer for the Plaintiff and this was the Defendant's final offer.

22. Claud upsold the Plaintiff on different protections that the Plaintiff could add which caused the price to increase.

23. However, Claud failed to disclose that property damage insurance needed to be included in the finance charge because it was required per the contract and Georgia State law.

24. Also, Claud failed to disclose other optional insurances regardless if Rick Case offered them or not.

25. Plaintiff indorsed this consumer credit contract and was provided a copy for Plaintiff's record.

26. Pursuant 16 CFR 433.1(i), a consumer credit contract is an instrument which evidences or embodies a debt.

27. The consumer credit contract is a financial asset as defined by 12 CFR 360.6(a)(2) because the contract is an instrument that conveys to one entity a contractual right to receive cash or another financial instrument from another entity.

28. Plaintiff's indorsed consumer credit contract gave Rick Case a financial asset that Rick Case assigned to the Defendant. Pursuant to 26 CFR 15a.453-1(b)(3), the INTERNAL REVENUE SERVICE("IRS") deems this financial asset as payment.

29. Subsequently, Plaintiff's indorsement on the consumer credit contract paid for the 2016 Model X thus fulfilling the Plaintiff's legal obligation to pay pursuant to 12 CFR 1026.17(c)(1).

30. Plaintiff began receiving monthly statements from the Defendant requesting payment to an alleged loan that was allegedly received.

31. All of the communications from the Defendant indicated that the Defendant was a debt collector. This was false and misleading, an unfair business practice and highly deceptive in nature.

32. Defendant reported to the consumer reporting agencies that the Plaintiff received an "auto loan" from the Defendant.

33. Defendant began making multiple harassing calls at inconvenient times including at the Plaintiff's place of employment.

34. Plaintiff sent the Defendant a communication via certified mail with green return receipt on September 1, 2021 that was received and signed for on September 3, 2021. Plaintiff followed up with another communication that was sent certified mail with green return receipt on October 25, 2021 and was received and signed for by Defendant's registered agent on October 27, 2021. Communications were in response to requesting validation for the alleged debt that the Defendant was attempting to collect. Defendant failed to respond to validation nor rebut the Plaintiff's affidavits.

35. Plaintiff filed a complaint with the CONSUMER FINANCIAL PROTECTION BUREAU(CFPB) in regards to the attempt to collect this

alleged debt as well as the inaccurate furnishing of the Plaintiff's nonpersonal public information.

36. The billing statements sent by the Defendant via mail requested payments to a positive balance.

37. Defendant failed to respond or provide any validation of the alleged debt.

38. Plaintiff disputed with the consumer reporting agencies multiple times that the account was being reported inaccurately. Defendant was furnishing the account as an "auto loan" and "charged off". Specifically TRANS UNION LLC(hereinafter "Transunion") continued to update account as verified and accurate. Defendant sent communications confirming account was being reported accurately.

39. Plaintiff filed disputes with Transunion again stating that if the account is allegedly charged off then they are no longer furnishing alleged debt. Defendant is now furnishing income on Plaintiff's consumer report. Defendant is claiming a loss which would require a 1099-C form be sent to me for completion. The IRS deems a cancellation of debt as income. The account still came back as verified and updated.

40. Plaintiff sent a communication to the Defendant certified mail on March 11, 2022 simply requesting a copy of the consumer credit contract and all documents bearing the Plaintiff's signature. Communication was received on

March 17, 2022. Defendant failed to reply and provide the requested documents.

41. Plaintiff's most recent notice was an intent to seek arbitration that included pre-litigation demands. Notice was sent certified mail with a green return receipt on March 30, 2022 and was received and signed for by the Defendant's registered agent.

42. Plaintiff received Defendant's response on April 9, 2022 via mail. The communication stated that the alleged debt was still allegedly owed and that the claim had no merit.

43. The Defendant's response contradicts how the account is being furnished on Plaintiff's consumer report which is further proof that it is an inaccurately being furnished on the Plaintiff's consumer report.

44. Plaintiff filed a demand for arbitration with AAA on April 19, 2022.

45. On April 19, 2022, the Plaintiff certified mailed with a green return receipt a copy of the Demand for Arbitration to the Defendant's registered agent. The communication was received and signed for on April 21, 2022.

46. Defendant failed to respond to the demand for arbitration and elected to be silent.

47. On, May 2, 2022, AAA responded to the Plaintiff that AAA declined to administer the claim and any other claims between the Defendant and its consumers at this time.

48. According to the Arbitration Rules, should AAA decline to administer an arbitration then the dispute may be submitted to the appropriate court for resolution.

49. Plaintiff's time is priceless and the damages caused are irreparable. Plaintiff has spent countless hours away from the Plaintiff's family challenging the Defendant's wrongful representation. The Plaintiff can't get back this valuable time back.

50. Plaintiff has endured the out of pocket expense in challenging the Defendant's wrongful representation.

51. As a result of the actions of the Defendant, the Plaintiff suffered damages, including but not limited to, Plaintiff's FICO scores to be lowered resulting in Plaintiff being denied credit or being granted credit with a much higher interest rate, severe humiliation, financial injury, out of pocket expenses in challenging Plaintiff's wrongful representation, lost wages, irreparable damages, time away from family, insomnia, emotional distress and mental anguish.

52. Plaintiff will be asserting the Plaintiff's rights to bringing forth all claims and defenses against the Defendant with respect to the 16 CFR 433.2 disclosure found in the consumer credit contract.

## V.   FIRST CLAIM FOR RELIEF
### 15 USC 1605(a)
### (Defendant)

53. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

54. Defendant violated TILA.

55. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 USC 1605(a) of TILA by failing to comply with the requirement of requiring a downpayment valued at $8,000 when a finance charge does not include comparable cash.

56. Plaintiff was advised that a downpayment was required to purchase the 2016 Tesla Model X.

57. Defendant's conduct was negligent and/or willful.

58. Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

59. Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

60. Plaintiff is entitled to statutory damages for double the finance charge pursuant to 15 USC 1640(a)(2)(A)(i).

61. Plaintiff is entitled to attorney fees and litigation costs pursuant to 15 USC 1640(a)(3).

62. Alternatively, Plaintiff is entitled to irreparable damages.

## VI.   SECOND CLAIM FOR RELIEF
### 15 USC 1605(a)(5)
### (Defendant)

63. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

64. Defendant violated TILA.

65. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 USC 1605(a)(5) of TILA by failing to comply with the requirement of including the required property damage insurance in the finance charge.

66. Plaintiff was not advised that property damage insurance was included in the finance charge, but that property damage insurance was required. Plaintiff was unable to make an informed decision about property damage insurance due to the lack of disclosures. Plaintiff purchased a 6-month renewing property damage insurance premium valued at $928.43(Nine Hundred Twenty Eight Dollars and Forty Three Cents) outside of the finance charge.

67. Defendant's conduct was negligent and/or willful.

68. Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, Plaintiff being underinsured, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

69. Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

70. Plaintiff is entitled to statutory damages for double the finance charge pursuant to 15 USC 1640(a)(2)(A)(i).

71. Plaintiff is entitled to attorney fees and litigation costs pursuant to 15 USC 1640(a)(3).

72. Alternatively, Plaintiff is entitled to irreparable damages.

## VII.   THIRD CLAIM FOR RELIEF
### 15 USC 1605(b)
### (Defendant)

73. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

74. Defendant violated TILA.

75. Defendant violations include, but are not limited to, the following:

   a.  Defendant violated 15 USC 1605(b) of TILA by failing to comply with the requirement of 12 CFR 1026.4(d)(1) of the Truth in

Lending(Regulation Z) and not disclosing that Plaintiff had optional insurance coverage in regards to credit life.

76. It is a requirement to disclose optional insurance even if it is not required. Plaintiff was not properly disclosed that the Plaintiff could purchase Credit Life Insurance with evidence of no signature or initial in the disclosure box on the consumer credit contract. Due to lack of disclosure, Plaintiff was unable to make an informed decision resulting in the Plaintiff being underinsured.

77. Defendant's conduct was negligent and/or willful.

78. Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, Plaintiff being underinsured, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

79. Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

80. Plaintiff is entitled to statutory damages for double the finance charge pursuant to 15 USC 1640(a)(2)(A)(i).

81. Plaintiff is entitled to attorney fees and litigation costs pursuant to 15 USC 1640(a)(3).

82. Alternatively, Plaintiff is entitled to irreparable damages.

## VIII.  FOURTH CLAIM FOR RELIEF
### 15 USC 1605©
### (Defendant)

83. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

84. Defendant violated TILA.

85. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated 15 USC 1605© of TILA by failing to comply with the requirement of 12 CFR 1026.4(d)(3) of the Truth in Lending(Regulation Z) and not disclosing in writing that the Plaintiff had optional insurance coverage in regards to debt cancellation and debt suspension.

86. It is a requirement to disclose optional insurance even if it is not required. Plaintiff was not properly disclosed that the Plaintiff could purchase debt cancellation or debt suspension insurance as there was no disclosure form made available for the Plaintiff to sign or initial. Due to lack of disclosure, Plaintiff was unable to make an informed decision resulting in the Plaintiff being underinsured. Gap insurance is not the same as debt cancellation insurance.

87. Defendant's conduct was negligent and/or willful.

88. Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, Plaintiff being underinsured, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

89. Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

90. Plaintiff is entitled to statutory damages for double the finance charge pursuant to 15 USC 1640(a)(2)(A)(i).

91. Plaintiff is entitled to attorney fees and litigation costs pursuant to 15 USC 1640(a)(3).

92. Alternatively, Plaintiff is entitled to irreparable damages.

## IX.  FIFTH CLAIM FOR RELIEF
### 15 USC 1615(a)(1)
### (Defendant)

93. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

94. Defendant violated the TILA.

95. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 USC 1615(a)(1) of TILA by failing to comply with the requirement of disclosing that if Plaintiff prepaid then the creditor shall promptly refund any unearned portion of the interest charged.

96. Per the contract, Plaintiff was disclosed that if all or part of the Amount Financed was prepaid then the Plaintiff must pay the earned and unpaid part of the finance charge. Due to lack of disclosure, Plaintiff was unable to make an informed decision about prepaying because there would be no benefit.

97. Defendant's conduct was negligent and/or willful.

98. Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

99. Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

100.    Plaintiff is entitled to statutory damages for double the finance charge pursuant to 15 USC 1640(a)(2)(A)(i).

101.    Plaintiff is entitled to attorney fees and litigation costs pursuant to 15 USC 1640(a)(3).

102.    Alternatively, Plaintiff is entitled to irreparable damages.

**X.    SIXTH CLAIM FOR RELIEF**
**15 USC 1638(a)(2)(A)**
**(Defendant)**

103.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

104.    Defendant violated TILA.

105.     Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated 15 USC 1638(a)(2)(A) of TILA by failing to

        comply with the requirement of misapplying the downpayment of

        $8,000 under the amount financed.

106.     Defendant misapplied the downpayment of $8,000 when it should

    have been conspicuously segregated.

107.     Defendant's conduct was negligent and/or willful.

108.     Defendant caused injury in fact, by causing, among other effects,

    irreparable damages, mental anguish, emotional distress, lost time with

    family, and financial injury.

109.     Plaintiff is entitled to actual damages pursuant to 15 USC 1640(a)(1).

110.     Plaintiff is entitled to statutory damages for double the finance charge

    pursuant to 15 USC 1640(a)(2)(A)(i).

111.     Plaintiff is entitled to attorney fees and litigation costs pursuant to 15

    USC 1640(a)(3).

112.     Alternatively, Plaintiff is entitled to irreparable damages.

### XI.    SEVENTH CLAIM FOR RELIEF
### 15 USC 1681s-2(a)(1)(A)
### (Defendant)

113.     Plaintiff re-alleges and reincorporates all previous paragraphs as if

    fully set out herein.

114.     Defendant violated the FCRA.

115.     Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 USC 1681s-2(a)(1)(A) of the FCRA by failing to comply with the requirement of furnishing inaccurate information on the Plaintiff's consumer report.

116.     Defendant continued to voluntarily report false and inaccurate information to Plaintiff's consumer report with the intent to coerce payment. Plaintiff never received a loan from the Defendant. The CFPB specifies that a retail sales contract is not the same as a loan. Defendant furnished this alleged debt as an "auto loan".

117.     Defendant's conduct was negligent and/or willful.

118.     Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to the Plaintiff.

119.     Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney fees and litigation costs for Defendant's willful acts pursuant to 15 USC 1681n.

120.    Plaintiff is entitled to actual damages, statutory damages, attorney fees

and litigation costs if Defendant's violations are negligent, pursuant to 15

USC 1681o.

121.    Alternatively, Plaintiff is entitled to irreparable damages.

## XII.   EIGHTH CLAIM FOR RELIEF
### 15 USC 1681s-2(a)(1)(B)
### (Defendant)

122.    Plaintiff re-alleges and reincorporates all previous paragraphs as if

fully set out herein.

123.    Defendant violated the FCRA.

124.    Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 USC 1681s-2(a)(1)(A) of the FCRA by failing

   to comply with the requirement of not furnishing inaccurate

   information on the Plaintiff's consumer report after receiving notice.

125.    Defendant continued to voluntarily report false and inaccurate

information to Plaintiff's consumer report after being advised that the

information being furnished was inaccurate. Plaintiff expressed this via mail

to the Defendant and consumer reporting agencies as well as filing

complaints with the CFPB.

126.    Defendant's conduct was negligent and/or willful.

127.    Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, financial injury, invasion of privacy, damage to credit reputation, and resulting in credit damages to Plaintiff.

128.    Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney fees and litigation costs for Defendant's willful acts pursuant to 15 USC 1681n.

129.    Plaintiff is entitled to actual damages, statutory damages attorney fees and litigation costs if Defendant's violations are negligent, pursuant to 15 USC 1681o.

130.    Alternatively, Plaintiff is entitled to irreparable damages.

### XIII.  NINTH CLAIM FOR RELIEF
### Breach of Contract
### (Defendant)

131.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

132.    Defendant violated and breached the contract.

133.    Defendant's violations include, but are not limited to, the following:

a. Defendant breached the contract by including an unenforceable arbitration clause in the consumer credit contract because the

Defendant failed to comply with AAA's policies regarding consumer claims.

134.     Defendant included an unenforceable arbitration clause in the consumer credit contract. AAA declined to administer the Plaintiff's claim because the Defendant failed to comply with AAA's policies regarding consumer claims. As a result, the Plaintiff was denied the ability to settle the matter privately as previously agreed to in the binding arbitration agreement. The disclosure of binding arbitration is deceptive, false and misleading.

135.     Defendant's conduct was negligent and/or willful.

136.     Defendant caused injury in fact, by causing, among other effects, irreparable damages, mental anguish, emotional distress, lost time with family, financial injury invasion of privacy, damage to credit reputation, and resulting in credit damages to Plaintiff.

137.     Plaintiff is entitled to actual damages, statutory damages, attorney fees and litigation costs due to negligence of the Defendant.

138.     Alternatively, Plaintiff is entitled to irreparable damages.

## XIV.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and request that judgment be entered in favor of Plaintiff and against the Defendant for:

A. Judgement for the violations occurred for violating TILA and the FCRA;

B. Actual damages and/or irreparable damages to be determined at trial pursuant to breach of contact

C. Actual damages in an amount to be determined at trial pursuant to 15 USC 1640(a)(1), 15 USC 1681n(a)(1)(A) and 15 USC 1681o(a)(1) for each incident of willful and negligent noncompliance of TILA and the FCRA;

   i. Including but not limited to a monthly certified check in US funds for the cost of the renewing 6-month premium for property damage insurance valued at $928.43(Nine Hundred Twenty Eight Dollars and Forty Three Cents);

D. Statutory damages for double the finance charge of $9,102.25(Nine Thousand One Hundred Two Dollars and Twenty Five Cents) pursuant to 15 USC 1640(a)(2)(A)(i) for each incident of willful and negligent noncompliance of TILA;

E. Statutory damages of the maximum of $1,000(One Thousand Dollars) pursuant to 15 USC 1681n(a)(1)(A) and 15 USC 1681o(a)(1) for each incident of willful and negligent noncompliance of the FCRA;

F. Punitive damages, as the Court may award pursuant to 15 USC 1681n(a)(2) for each incident of willful and/or negligent noncompliance of the FCRA;

G. Cost of action pursuant to 15 USC 1640(a)(3), 15 USC 1681n(a)(3) and 15 USC 1681o(b) for each incident of noncompliance of TILA and the FCRA;

H. Equitable relief including but not limited to the following:

    i. Furnishing this account to any and all consumer reporting agencies as PAYS AS AGREED and PAID IN FULL monthly;

    ii. Grant the title free and clear of any lien for the 2016 Tesla Model X, VIN#: 5YJXCDE24GF026524;

I. Any such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Brian Keith Gary Jr.
3300 Arbor Run PL.
Atlanta, GA 30349
(404) 376-1516
mu_canes90@yahoo.com