## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Brian Keith Gary Jr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:22-CV-1814-SCJ-JSA |
| | ) | |
| Bank of America, Corporation | ) | |
| a/k/a Bank of America, N.A. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR IN PERSON HEARING

Defendant Bank of America, N.A. ("BANA") submits this response and opposition to *Pro Se* Plaintiff Brian Keith Gary's ("Plaintiff") motion for in-person hearing (ECF No. 14) ("Motion") filed on October 14, 2022. BANA requests that Plaintiff's Motion for In-Person hearing be denied for the reasons set forth below.

## I.      INTRODUCTION

Plaintiff's Motion demands an in-person hearing to "prove [BANA] is the holder in due course of the full original Retail Installment Sale Contract by producing the front and back of the full original Retail Installment Sale Contract

1

bearing the Plaintiff's wet ink signature for inspection." *See* Mot. p. 1. Plaintiff cites to the UCC § 3-302.

However, Plaintiff's Motion is a premature dispositive motion, frivolous, and simply propounds debunked sovereign citizen theories. For these reasons, Plaintiff's Motion should be denied.

## II.   ARGUMENT

### A.   Plaintiff's Motion Is Premised on Debunked Sovereign Citizen Theories Which Are Debt Elimination Schemes.

In the Motion, Plaintiff demands that BANA present "sufficient proof of the front and back of the full original Retail Installment Sale Contract bearing the Plaintiff's wet ink signature for inspection." *See* Motion. Plaintiff simply propounds debunked sovereign citizen theories about the contract and holder in due course.

The Eleventh Circuit has noted that sovereign citizen legal theories have been repeatedly rejected as frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (discussing secured-party creditor and sovereign citizen arguments as theories having no validity in this country's legal system); *United States v. Perkins*, No. 1:10-cr-97-1-JEC-LTW, 2013 WL 3820716, at *1-2 (N.D. Ga. July 23, 2013) (noting

sovereign citizens often file "lots of rambling, verbose" pleadings that "rely heavily on the Uniform Commercial Code").

In support of this motion, Plaintiff cites to the UCC § 3-302. However, "[t]he UCC, itself, is not the law of any state, nor is it federal law. In order to support a cause of action, a plaintiff must rely on a state's codification of the UCC." *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004). Plaintiff has not and cannot cite to any source or authority that would require BANA to furnish such proof at this stage in the litigation. Plaintiff's requests are simply a means to eliminate obligations to BANA for the vehicle he financed, despite not making a single payment on it.

### B. Plaintiff Prematurely Requests Relief in The Motion

Plaintiff's Motion seeks relief in the form that "[u]pon failure of the Defendant to present such proof to the Court, the Court will GRANT in whole the Plaintiff's demands." Mot. p. 2. To the extent the Plaintiff seeks relief requested in the Complaint, Plaintiff cannot recover such relief on the issue of the merits of his entire claim at this stage in the litigation. Plaintiff's Motion is an attempt to replace the Federal Rules and seek dispositive relief, which is improper.

## III.   CONCLUSION

For the foregoing reasons, BANA requests that the Court deny Plaintiff's Motion for In-Person Hearing.

Date: October 28, 2022                Respectfully Submitted,

By: */s/ M. Laughlin Allen*
M. Laughlin Allen
Georgia Bar No. 901999
**McGuireWoods LLP**
1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5738 (Telephone)
(404) 443-5773 (Facsimile)
mlallen@mcguirewoods.com
*Attorney for Bank of America, N.A.*

## CERTIFICATE OF COMPLIANCE

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1C. The foregoing was prepared on computer using Times New Roman font (14 point).

*/s/ M. Laughlin Allen*
M. Laughlin Allen
Georgia Bar No. 901999
**McGuireWoods LLP**
1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5738 (Telephone)
(404) 443-5773 (Facsimile)
mlallen@mcguirewoods.com

*Attorney for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I certify that on October 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that I have mailed a true and correct copy of same to the non-CM/ECF participant, pro se Plaintiff via U.S. Mail postage prepaid properly addressed to:

> Brian Keith Gary, Jr.
> 3300 Arbor Run Pl.
> Atlanta, GA 30349

> > */s/ M. Laughlin Allen*
> > M. Laughlin Allen
> > Georgia Bar No. 901999